IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| vs. | ) Criminal Action No. 3:23-cr-00018-1 |
| | ) Judge Stephanie L. Haines |
| PAUL ANDREW GULBRONSON | ) |

**MEMORANDUM OPINION**

Presently before the Court is the Government's appeal (ECF No. 13) from Magistrate Judge William E. Fitzpatrick's order of pretrial release. Based upon the evidence presented at a de novo detention hearing held on July 16, 2024, this Court finds by clear and convincing evidence that the order of pretrial release is reversed and vacated, and the Defendant shall be detained pending trial in this matter.

**I.   Background**

The Government filed the instant appeal under 18 U.S.C. § 3145(a), which provides in relevant part:

> Review of a release order. -- If a person is ordered released by a magistrate judge ... the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order.

This Court has original jurisdiction over the charged offenses set forth in the indictment in this case. Thus, in conducting its review of the motion for revocation, this Court applies a de novo standard of review. *See United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985); *United States v. Chagra,* 850 F. Supp. 354, 356 (W.D. Pa. 1994); *United States v. Miftakhov,* No. 3:14-MJ-8, 2014 WL 808818, at *1 (W.D. Pa. Feb. 28, 2014).

## II.  Procedural History

On October 10, 2023, a federal grand jury indicted Paul Andrew Gulbronson ("Defendant") and his co-defendant Kelly Jurado Bonillo with one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, and with nine counts of wire fraud, in violation of 18 U.S.C. § 1343.  ECF No. 3.  That same day, an arrest warrant was issued, and the Government moved for Defendant's detention—asserting that no condition or combination of conditions would reasonably assure Defendant's appearance at trial, as the Government deemed him to be a flight risk.  ECF No. 9.  On May 1, 2024, Defendant was arrested and brought before Magistrate Judge William E. Fitzpatrick in the Eastern District of Virginia for a detention hearing.  At the conclusion of the hearing, Magistrate Judge Fitzpatrick released Defendant on bond with pretrial supervision and a number of release conditions.  On May 6, 2024, the Government filed their Notice of Appeal of the pretrial release order, requesting a de novo hearing before this Court.  ECF No. 13.  This Court then issued an order staying Judge Fitzpatrick's Order of Release pending the disposition of the de novo hearing.  ECF No. 14.

## III.  Standard

Pursuant to 18 U.S.C. § 3142(e), Defendant shall be detained pending trial if, after a hearing, this Court finds that no condition or set of conditions will reasonably assure the Defendant's appearance as required and the safety of any other individual and the community.  The factors to be considered in determining whether to detain Defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

## IV. Analysis

After holding a de novo detention hearing on July 16, 2024, and after carefully reviewing the record, the Court makes the following findings.

The Pretrial Services Office in the Eastern District of Virginia prepared a report prior to the detention hearing. Government Exhibit 2. The "Assessment of Nonappearance" portion of the report explained that Defendant poses a risk of nonappearance for the following reasons:

**1.** Nature and Circumstances of Charged Offense;

**2.** Familial Ties to a Foreign Country; and

**3.** Recent Residence in a Foreign Country.

The "Assessment of Danger" portion of the report explained that Defendant poses a risk of danger for the following reasons:

**1.** Nature and Circumstances of Instant Offense; and

**2.** Potential Third-Party Risk to Present or Future Clients.

In assessing these findings, Pretrial Services in the Eastern District of Virginia recommended that Defendant be released on an unsecured bond, in an amount to be determined by the court, co-signed by a third-party custodian, with the following conditions:

**1.** Pretrial services suspension;

**2.** Release to and reside in the third-party custody of his mother, Edwina Gulbronson, and son, Christopher Gulbronson;

3

**3.** Not move from that residence without prior approval of the Court or pretrial services;

**4.** Travel restricted to the District of West Virginia[1] and to the Western District of Pennsylvania for Court purposes;

**5.** Surrender any passports and not obtain any new travel documents;

**6.** No self-employment and all employment must be approved in advance by pretrial services;

**7.** Notify any future employer or clients about the instant offense if deemed necessary by pretrial services;

**8.** Refrain from possessing a firearm or other destructive devices; and

**9.** No contact with co-defendants or potential witnesses unless in the presence of counsel.

Subsequently, after the Pretrial Services Office in the Eastern District of Virginia tendered their recommendation, the Pretrial Services Office in the Western District of Pennsylvania, in preparation of this Court's de novo hearing, submitted a memorandum conversely recommending that Defendant remain detained pending trial.

The Court will now evaluate the factors under 18 U.S.C. § 3142(g). The first factor the Court must consider—the nature and circumstances of the offense charged—weighs in favor of detention. The Grand Jury returned a ten-count indictment consisting of one count of mail and wire fraud conspiracy and nine counts of wire fraud. As stated by the Government, "[e]ach of the offenses carry a maximum possible penalty of twenty years of imprisonment," and "[t]here is no question that the charged offenses are serious and had enormous detrimental consequences to investors and the Johnstown community." ECF No. 28, p. 3. Further, as stated in the Indictment,

---

[1] The Court notes, as written in the Pretrial Services recommendation, that the "District of West Virginia" does not exist among the ninety-four federal judicial districts. West Virginia has two federal judicial districts: the Northern District of West Virginia and the Southern District of West Virginia.

"Gulbronson and [co-defendant] Bonilla contracted with at least 70 investors for the purchase of $5.3 million in properties in the Johnstown area that the defendants originally spent $1.2 million to purchase." ECF No. 3, p. 6. The Indictment further alleges that Defendants used their business, Citrona Homes, as a mechanism to enrich themselves while defrauding investors "through a series of false pretenses, representations, and promises." *Id.* at 3. Lastly, regarding the first factor, the Court notes that the Government is seeking $4.1 million in forfeiture. *Id.* at 11. The Court therefore finds that the first factor supports detention.

Regarding the second factor—the weight of the evidence against the person—Defendant's counsel conceded at the de novo hearing that the evidence at this early stage is strong, which clearly weighs in favor of detention. Further, the Court agrees with the Government that the Indictment "contains specific information about sales materials, misrepresentations, the number of investors involved, the money involved, and the mechanism by which the defendants orchestrated the enormous fraud scheme alleged." ECF No. 28, pp. 4-5. Thus, the Court finds that the second factor clearly supports detention.

The third factor—the history and characteristics of the person—weighs in favor of detention. While the Court notes that Defendant has no prior criminal history, the Court must also note that part of the alleged fraud that Defendant conducted happened through the use of fake names to conceal his identity, so as to prevent investors from discovering his involvement in other alleged schemes. ECF No. 3, p. 5. Further, "the Indictment itself also suggests the characteristics of this [D]efendant in that [it] contains detailed information about numerous misrepresentations and clever slights of hand used by [D]efendant to defraud investors." ECF No. 28, p. 5. Regarding Defendant's ties to the community, the Court also finds, as stated by Defendant's counsel, that Defendant has no "positive ties" to the community. Further, as stated by the Government,

5

"[D]efendant's ties to the United States are tenuous." *Id.* Moreover, the Court is unsettled that Defendant did not disclose his address in Panama to the Probation Office, where he claimed he had lived for the past two to three years. Likewise, immediately prior to his arrest, Defendant was refused entry into Bogotá, Colombia for unclear reasons. It is further unclear as to why Defendant wished to enter Colombia. These facts lead the Court to share the Government's concern that "[D]efendant will flee back to…Panama to reunite with his wife [co-defendant] and children." *Id.* at 5-6.

Regarding Defendant's employment history, the only employment of record in the United States is Defendant's spell with Citrona Homes, the exact focus of the Indictment. Further, Defendant's mother and son—who would have served as Defendant's third-party custodians— "have no specific knowledge as to [D]efendant's finances," and were both "unsure as to [D]efendant's current work." Defendant also represented to the Probation Office that he "has about $180 in his checking account," but made "approximately $20,000 working [for] his friend Jose Cordone for six months." No financial documents have corroborated any of these claims. As stated by the Government and "[a]s reflected in the Indictment, [D]efendant is an adept manipulator with considerable skills in deception." ECF No. 28, p. 6. Finally, the Court notes that Defendant has fled from the United States once before while he was under investigation. Thus, in aggregate, the Court finds that the third factor supports detention.

The fourth and final factor—the nature and seriousness of danger to the community posed by release—supports detention. The Court finds the allegations in the Indictment, as stated by the Government, show that there is a risk that Defendant "will use his considerable skills of manipulation and deception to defraud other investors, and the Court and the Probation Office have no means to truly ameliorate this risk." *Id.* at 7. The Court also shares the Government's

concern that Defendant's third-party custodians—his mother and son—would not be able to adequately guarantee Defendant's adherence to any conditions of release. *Id.* Thus, the fourth factor supports detention.

Accordingly, after carefully considering the circumstances in this case, the Court finds the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of detention, because there is clear and convincing evidence that no condition or combination of conditions would reasonably assure Defendant's appearance at future court proceedings. The Court will vacate the previous release order, and Defendant shall be detained pending trial. An appropriate order follows.

DATE: July 18, 2024

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE